UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 cv 6143 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| NAVISTAR INTERNATIONAL CORP., | ) | |
| and NAVISTAR , INC., | ) | |
| | ) | |
| Defendants. | ) | |

## Order

For the reasons provided, Third Party Manufacturers' motions to intervene [120] and [150] are granted.

## Background

Defendants seek discovery of confidential business information ("CBI") that third party manufacturers provided to the EPA, including those from both on highway and nonroad engine and equipment manufacturers. Because disclosure of such information during litigation could harm third parties in the marketplace, they seek to intervene in this case.

Third Party Manufacturers ("Manufacturers") filed a motion to intervene [120] on October 21, 2016. Additional Third Party Nonroad Engine and Equipment Manufacturers ("Nonroad Manufacturers") filed a motion to intervene [150] on November 10, 2016. The third parties urge the Court to grant intervention as of right under Federal Rule of Civil Procedure 24(a) or in the alternative permissive intervention under Federal Rule of Civil Procedure 24(b) for the limited purpose of protecting third party highly sensitive CBI.

1

**Analysis**

Rule 24 (b) allows for "permissive intervention" by anyone who timely moves and "has a claim or defense that shares with the main action a common question of law or fact" to intervene. Fed. R. Civ. P. 24 (b)(1)(B)(2). The rule goes on to note that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." (*Id.*) Courts may grant a party permissive intervention under Rule 24(b) if (1) the party's claims or defenses share a common question of law or fact with this case; (2) the motion for intervention is timely; and (3) the Court has jurisdiction over the claims. *See Security Insurance Co. v Schippreit, Inc.,* 69 F.3d 1377, 1381 (7th Cir. 1995). Permissive intervention is entirely discretionary and will be reversed only for abuse of discretion. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941 (7th Cir. 2000). The Court considers each factor in turn.

**A. The party's claims or defenses share a common question of law or fact**

Although intervention for the purposes of challenging a protective order does not neatly fall into a shared claim or defense under Rule 24(b), the Seventh Circuit has recognized that third parties may permissively intervene for the purpose of contesting protective orders. *Griffin v. University Hosp., L.L.C.,* 249 F3d 658 (7th Cir. 2001). Indeed, the Seventh Circuit has noted that "every court of appeals to have considered the matter" has held that "Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders." *Jessup v. Luther*, 227 F. 3d 993, 997 (7th Cir. 2000).

Plaintiff does not oppose the third parties motion to intervene, and Defendants do not cite to any case law opposing the contention that third parties may permissively intervene for the

purpose of contesting protective orders under Rule 24(b).  As such, the Court finds that this factor is satisfied.

## B.  Motion is Timely

Four factors determine whether a motion to intervene is timely:  "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances."  *Sokoagon*, 214 F. 3d at 949.

Manufacturers argue that their motion is timely because there was only a short length of time between when they learned of this disclosure and this attempt to intervene.  (Manufacturers' Mem. at 7).  Manufacturers additionally indicate that after learning of the EPA's July 7, 2016 notice, Manufacturers proactively contacted the EPA and have been having ongoing talks with the EPA who has simultaneously negotiated with Defendants.  (*Id.*)  Further, they claim it is not prejudicial to the original parties—the EPA has not objected to the intervention and only a few weeks have passed since Defendants filed their motion to compel.  (*Id.*)  They also claim that not allowing intervention would seriously prejudice third parties, as they would not have a say in how their highly sensitive confidential business information is handled by the parties during the litigation process or argue that it should not be produced at all.  (*Id.*)  Moreover, Manufacturers argue this case presents some unusual circumstances, namely that the EPA has acknowledged that they released a limited amount of third party CBI before the advanced notice was issued on July 7, 2016.  (*Id.*)

Likewise, Nonroad Manufacturers argue that they filed this motion within a reasonable time after learning of their interest in the case; existing parties will not be prejudiced if the motion is granted while third parties will be highly prejudiced if the motion is denied; and this

case presents the unusual circumstance that some of their CBI was released prior to notice being given. (Nonroad Manufacturers Mem. at 6-9).

Plaintiff does not oppose the timeliness of the third parties' motions, and Defendants do not directly contest the timeliness of the motion. Rather, Defendants argue that the motion is not "ripe" because Manufacturers never met and conferred with them prior to filing the motion. (Def.'s Opposition at 5-6). Defendants quote this Court's procedures that parties must make a "good faith" effort to resolve disputes "through communications and negotiations that take place in person or over the telephone." Defendants contend that this motion would not have been necessary had the third parties conferred on amending the confidentiality order earlier. This argument assumes that the Court will grant Defendants' motion to compel [89] and allow the production of third party CBI. The Court first needs to rule on whether or not the CBI is relevant and if the release of such information is proportional to the needs of the case. This threshold question must be resolved before discussions regarding the terms of such production are further established. The Court finds the intervenors' interests in this first question sufficient to allow intervention here.

The Defendants attribute spurious motives to the third parties, stating,"[t]hey have every incentive to sabotage the defense. Indeed, Third Parties already are trying to weigh-in on substantive matters, like what discovery is 'relevant.'" (Def.'s Opp. at 4) However, the motion to intervene is precisely for the purpose of protecting their CBI, including weighing in on whether it should be disclosed (i.e. is it relevant) and what protections need to be in place if it is disclosed. Defendants offer no basis for the assertion that third parties are filing this motion for any other purpose than in good faith to protect their highly sensitive CBI.

Considering the reasonable length of time between when third parties were given notice and the filing of the motion; the prejudice to third parties if intervention is not allowed; the lack of prejudice to the original parties caused by the delay, and the unusual circumstances in this motion in that a limited amount of CBI has been released prior to notice, the Court finds that the third parties meet the timeliness requirement.

### C. The Court has jurisdiction over the claims

It is uncontested that the Court has jurisdiction over the claims; therefore, this requirement is satisfied.

Having satisfied all three requirements, and noting that intervention will not cause an undue delay or prejudice the original parties, this Court finds that using its discretion is appropriate in this case to allow Manufacturers and Nonroad Manufacturers to intervene for the limited purpose of protecting their highly sensitive CBI. Because the Court has found that it has the discretion to allow permissive intervention under Rule 26(b), the Court need not address at this time the request for intervention as of right under Rule 26(a).

### Conclusion

For the foregoing reasons, the motions to intervene [120] and [150] are granted. The Court will allow Third Party Nonroad Engine and Equipment Manufacturers to file a response to Defendants Motion to Compel [89] by December 12, 2016. Defendants reply is due by December 19, 2016.

Date: November 28, 2016  _____

Magistrate Judge Susan E. Cox